# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DAVID W. FERNANDES,<br><br>                    Plaintiff,<br><br>        v.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security,<br><br>                    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.  1:08-cv-01775-BAK (DLB)

ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS

ORDER DIRECTING CLERK TO CLOSE THE
ACTION

(Document 13)

## BACKGROUND

Plaintiff David W. Fernandes ("Plaintiff") filed a"Complaint for Review of the Final Decision of the Commissioner" in this proceeding.  Plaintiff is represented by counsel.  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Dennis L. Beck, United States Magistrate Judge.[1]

On April 1, 2009, Defendant Commissioner of Social Security filed a motion to dismiss for lack of subject matter jurisdiction. (Doc. 13.)  Along with the motion, Defendant filed a memorandum in support of the motion to dismiss that included the declaration of Errol B. Sperling, Acting Chief of Court Case Preparation and Review of Branch 1 of the Office of Disability Adjudication and Review (Doc. 13, Declaration of Errol B. Sperling ("Dec.")), and attachments thereto consisting of documents from the administrative record in the case.  In response, Plaintiff filed a memorandum in opposition ("Opp. Memo.") to Defendant's motion to dismiss, based on the

---

[1]  The parties consented to the jurisdiction of the United States Magistrate Judge.  On April 6, 2009, the matter was temporarily assigned to the undersigned for all purposes.

1    Court's file.  Defendant filed a reply to Plaintiff's opposition ("Reply").

2                           **FACTS AND PRIOR PROCEEDINGS**

3            Plaintiff filed an application for disability insurance benefits under Title II of the Social

4    Security Act ("the Act") on June 20, 2005.  (Doc. 1, p. 2; Doc. 13, Dec., Exhibit 1.)  Plaintiff's claim

5    was denied initially on June 14, 2005; reconsideration was denied on March 12, 2007. (Doc. 13, Dec.,

6    pp. 2-3.)  On May 1, 2006, Plaintiff filed a request for hearing before an administrative law judge

7    ("ALJ").  (Doc. 13, Dec., Exhibit 3.)

8            After denial of reconsideration, Plaintiff, through his legal counsel, contacted the assigned

9    ALJ in a letter dated June 6, 2008.  (Doc. 13, Dec. pp. 2-3, Exhibit 4.)  Counsel advised that Plaintiff

10   had authorized him to withdraw Plaintiff's pending claim for disability benefits and asked that the

11   administrative hearing then set for June 10, 2008 be canceled.  Id.

12           On June 18, 2008, the ALJ issued a written decision regarding Plaintiff's request to withdraw

13   his earlier request for an administrative hearing before an ALJ.  (Doc. 13, Dec. p. 3, Exhibit 5.)

14   Therein, the ALJ stated that Plaintiff was represented by legal counsel and that Plaintiff had, through

15   his legal representative, asked to withdraw his earlier request for the hearing.  According to the ALJ,

16   the record showed Plaintiff had been fully advised of the effects of this action, including the fact that

17   if dismissal of his request were granted, the reconsideration decision denying Plaintiff's claim for

18   benefits would remain in effect.  The order stated that the ALJ was satisfied that Plaintiff understood

19   the effects of withdrawal of his hearing request.  As a result, the ALJ dismissed Plaintiff's request for

20   a hearing before the administrative law judge regarding the denial of Plaintiff's claim and stated that

21   the reconsideration determination dated March 12, 2007 remained in effect.  A Notice of Dismissal

22   dated June 18, 2008, was sent to Plaintiff advising him of the order dismissing his request for a

23   hearing, enclosing a copy of that order, and telling Plaintiff that if he disagreed with the ALJ's order

24   of dismissal, Plaintiff could file an appeal requesting the Appeals Council to review and vacate the

25   order.  Id.)

26           On August 18, 2008, Plaintiff filed a written request asking that the Appeals Council for such

27   a review.  (Doc. 13, Dec. p.3., Exhibit 6.)  Plaintiff's stated reason for requesting review was that

28   there were " . . . issues to consider in this case (1) Eligibility [sic] I have not engaged in Substantial

                                              2

1    Gainful Activity (SGA) within one year of the onset of my Disability." Id.)   On September 17, 2008,

2    the Appeals Council notified Plaintiff that it had found no reason under the applicable rules to review

3    the ALJ's dismissal and, therefore, Plaintiff's request for review was denied.  (Doc. 13, Dec. p. 3,

4    Exhibit 7.)  The Appeals Council's Action Notice does not discuss any right to a court review of the

5    Appeals Council's decision.  Id.

6         Plaintiff filed a complaint in this court on November 14, 2008, asserting, inter alia, that he had

7    filed an application for disability insurance benefits which was denied, both initially and upon

8    reconsideration; that "[Plaintiff] timely requested and participated in a hearing before an

9    administrative law judge ... [who] issued a dismissal of plaintiff's claim for benefits in [sic] the

10   assumption that [Plaintiff] lacked insured status" (Doc. 1, p.2); that Plaintiff filed a request for review

11   of the ALJ's decision with the Appeals Council; and that "[o]n September 17, 2008, the Appeals

12   Council denied the request for review, at which time the ALJ's dismissal became the final decision of

13   the Commissioner."  Id.  Plaintiff's complaint seeks judicial review of that decision and asked this

14   Court to reverse and/or remand for a new hearing because "Plaintiff timely sought to withdraw his

15   request to dismiss his claim based on mistake of law and fact; [and] that new and material evidence"

16   exists warranting remand.  Id. at pp. 2-3.  Plaintiff's complaint does not allege any violation of

17   Plaintiff's constitutional rights.  (Doc. 1.)

18                                    **DISCUSSION**

19        Defendant has moved to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1), which

20   provides that the defense of lack of subject matter jurisdiction may be asserted by motion.  Defendant

21   contends that Plaintiff has not received a final decision of the Commissioner that is subject to judicial

22   review because Plaintiff's withdrew his request for an administrative hearing on the merits of his

23   claim, which request the ALJ granted.  Consequently, the Agency's March 12, 2007 denial of

24   Plaintiff's request for reconsideration remained in effect.  Under these circumstances, argues

25   Defendant, Plaintiff has not received a final reviewable decision regarding his application for disability

26   benefits.

27        In his opposition, Plaintiff counters with the claim that the Appeals Council violated Social

28   Security Administration ("SSA") regulations, as construed by the Commissioner, when it denied

                                          3

1  Plaintiff's request for  review of the dismissal of hearing order without a further exploration of

2  whether "good cause" existed to support Plaintiff's request.  Plaintiff asserts that such failure

3  constituted a violation of his constitutional rights to procedural due process, although that allegation

4  was not raised in his complaint.  Additionally, Plaintiff maintains that the record does not reflect that

5  Plaintiff gave informed consent to the dismissal of his claim for disability insurance benefits under

6  Title II.

7  A.      Motion to Dismiss Standard

8        Federal Rule of Civil Procedure 12(b)(1) authorizes a motion to dismiss for lack of subject

9  matter jurisdiction.  A complaint will be dismissed for lack of subject matter jurisdiction if (1) the

10  cause does not "arise under" any federal law or the Constitution; (2) there is no case or controversy

11  within the meaning of that constitutional term; or (3) the cause is not one described by the

12  jurisdictional statute.  Baker v. Carr, 369 U.S. 186, 198 (1962).

13        In bringing such a motion, the moving party may attack either the facial allegations of the

14  complaint, or, in the style of a speaking motion, the existence of subject matter in fact.  Thornhill Pub.

15  v. General Telephone & Electronics, 594 F.2d 730, 733 (9th Cir. 1979).  When a defendant challenges

16  jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for

17  the Court is whether the lack of federal jurisdiction appears from the face of the pleading.  Id.  In a

18  factual attack, the Court may consider evidence presented on the jurisdictional issue, weigh the

19  evidence, and resolve factual disputes, if necessary.  Id.; Land v. Dollar, 330 U.S. 731, 735 n. 4

20  (1947).  In either form of determination – facial or factual – , the burden is on the party asserting

21  jurisdiction to establish jurisdiction, and it is in effect presumed that jurisdiction does not exist.

22  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  Limits upon federal jurisdiction must

23  not be disregarded or evaded. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374

24  (1978).

25        With respect to an evidentiary hearing in this Court, although Defendant has submitted

26  extensive materials in connection with this motion, neither party has requested such a hearing.

27  Nothing in the record suggests that a full and fair opportunity has not been given to the parties to

28  present relevant facts or arguments.  Thus, to the extent that a factual attack is made by the moving

1    party, this is not a case in which an evidentiary hearing appears necessary at this point.

2    B.      Exhaustion Requirement

3         42 U.S.C. § 405 governs judicial review of final decisions denying claims under Title II of the

4    Social Security Act and provides in pertinent part:

5           (g) Judicial Review.  Any individual, after any final decision of the Commissioner of
           Social Security made after a hearing to which he was a party, irrespective of the

6           amount in controversy, may obtain review of such decision by a civil action
           commenced within sixty days after the mailing to him of notice of such decision or

7           within such further time as the Commissioner of Social Security may allow. . . .

8

9           (h) Finality of Commissioner's decision. . . . No findings of fact or decision of the
           Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental

10          agency except as herein provided.  No action against the United States, the Commissioner of
          Social Security, or any officer or employee thereof shall be brought under section 1331 or

11          1346 of Title 28 to recover on any claim arising under this subchapter.

12    42 U.S.C. § 405.

13         In claims arising under the Act, judicial review is permitted only in accordance with Section

14    405(g).  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from

15    suit."  Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994); Loeffler v. Frank, 486 U.S. 549,

16    554 (1988); Fed. Hous. Admin. v. Burr, 309 U.S. 242, 244 (1940). "Sovereign immunity is

17    jurisdictional in nature."  Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. at 475.  The "terms of [the

18    United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit."

19    United States v. Sherwood, 312 U.S. 584, 586 (1983).  "It is axiomatic that the United States may

20    not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."

21    United States v. Mitchell, 463 U.S. 206, 212 (1983).  Where a statute creates a right, including a

22    right to sue, and provides a special remedy, "that remedy is exclusive."  United States v. Babcock,

23    250 U.S. 328, 331 (1919).  As such, Section 405(g) is the exclusive jurisdictional basis for judicial

24    review of cases arising under the Act.

25         Section 405(g) "clearly limits judicial review to a particular type of agency action, a 'final

26    decision of the Commissioner of Social Security made after a hearing.' "  Califano v. Sanders, 430

27    U.S. 99, 108 (1977).  The hearing involved must be a mandatory one and must involve a decision on

28    the merits of the claim.  42 U.S.C. § 405(g), (h); Califano v. Sanders, 430 U.S. at 108; Peterson v.

Califano, 631 F.2d 628, 629-630 (9th Cir. 1980).  Thus, a final decision in a social security disability benefits case has two elements: (1) presentation of the claim to the Commissioner, and (2) complete exhaustion of administrative remedies.  Kildare v. Saenz, 325 F.3d 1078 (9th Cir. 2003).

The term "final decision" is undefined by the Act and "its meaning is left  to the [Commissioner] to flesh out by regulation."  Weinberger v. Salfi, 422 U.S. 749, 767 (1975). The SSA regulations relevant to the issues before the Court are several.  20 C.F.R. § 404.920 provides that after reconsideration of the initial determination is requested, the Agency will review the evidence and make a decision based on that review.   The reconsidered determination will be binding unless (a) the claimant requests a hearing before an administrative law judge within the stated time period and a decision is made; (b) the expedited appeals process is used; or (c) the reconsidered determination is revised.  20 C.F.R. § 404.921.  A claimant who is dissatisfied with one of the decisions or determinations listed in 20 C.F.R. § 404.930 may request review of the reconsidered determination before an administrative law judge and must submit that request  within sixty days after receipt of reconsideration determination.  20 C.F.R. § 404.933.  In that submission, the claimant must include the reasons he or she disagrees with the previous determination or decision and a statement of the additional evidence claimant intends to submit.  Id.

The regulations provide for those situations in which a claimant submits a written and timely request for a hearing before an ALJ on the propriety of the reconsidered determination but later changes his or her mind about pursuing the claim.  20 C.F.R. § 404.957(a) permits an ALJ to dismiss a request for a hearing at any time before notice of the hearing decision is mailed when the party who initially requested the hearing asked to withdraw his or her request.  If that request is granted, notice of dismissal of the requested hearing must be given, in writing, to the claimant and must include a statement that there is a right to request that the Appeals Council vacate the dismissal action.  20 C.F.R. § 404.958.  The dismissal of a request for a hearing is binding, unless it is vacated by an administrative law judge or the Appeals Council. 20 C.F.R. § 404.959.

If the claimant dissatisfied with the dismissal of his or her hearing request, he or she may ask the Appeals Council to review that action.  20 C.F.R. § 404.967.  In order to do that, he or she must present a written request, within sixty days after the date the dismissal notice was received, asking

1   that the dismissal be vacated and showing good cause why the hearing should not have been

2   dismissed.  20 C.F.R. § 404.960.  The Appeals Council may deny or dismiss the request for review,

3   or it may grant the request and either issue a decision or remand the case to an administrative law

4   judge.  20 C.F.R. § 404.967.  If the Appeals Council dismisses the request, its decision is binding and

5   not subject to further review.  20 C.F.R. § 404.972.

6   C.      Colorable Constitutional Claim

7          An exception to the statutory requirement of a final decision exists where the Commissioner's

8   denial of a procedural request is challenged on constitutional grounds.  Califano v. Sanders, 430 U.S.

9   at 108-109 (noting that when constitutional questions are in issue, the availability of judicial review is

10  presumed); Evans v. Chater, 110 F.3d 1480 (9th Cir. 1997) (holding that a district court had subject

11  matter jurisdiction to review the constitutionality of a denial of an application to reopen, despite the

12  lack of a final decision after a hearing within the meaning of § 405(g), where the claimant advanced a

13  denial of due process predicated on a lack of legal representation and of mental capacity to appreciate

14  the mechanism to appeal the denial of the claim on the merits).

15         To confer subject matter jurisdiction, a constitutional claim must be colorable, or not wholly

16  insubstantial, immaterial, or frivolous; and it must refer to a due process violation that implicates a

17  due process right either to a meaningful opportunity to be heard, or to seek reconsideration of an

18  adverse benefits determination.  Evans v. Chater, 110 F.3d at 1482-83.

19  D.      Analysis

20          1.      Exhaustion of Administrative Remedies.

21         Here, whether this Court has subject matter jurisdiction over Plaintiff's claim for disability

22  insurance benefits depends, in part, on whether there has been a "final decision" within the meaning of

23  42 U.S.C. § 405(g) in this matter.  Based upon the record available to this Court and the controlling

24  legal authority, the answer is "no."

25         Plaintiff presented his claim for disability insurance benefits to the Agency.  The Agency

26  initially denied that claim and, when asked to reconsider the denial, did so.  The reconsidered decision

27  made in March of 2007 was no more favorable to Plaintiff.  Plaintiff had asked that his

28  claim be considered by an administrative law judge at a hearing scheduled for that purpose.  A few

    days before the scheduled date, Plaintiff's attorney contacted the ALJ assigned to hear the matter and

1  asked that the hearing be canceled because his client had decided not to further pursue his action.  On

2  June 18, 2008, the ALJ granted Plaintiff's request and issued an Order of Dismissal, dismissing the

3  earlier request for a hearing before the ALJ.  The regulations provide that the dismissal of a request

4  for a hearing is binding, unless it is vacated by an administrative law judge of the Appeals Council.  20

5  C.F.R. § 404.959.

6        Sometime after that, Plaintiff apparently regretted his decision and sought to "revive" his

7  claim by asking the Appeals Council to vacate the ALJ's Order of Dismissal.  As noted above, the

8  regulations authorize claimants who are dissatisfied with the dismissal of a hearing request to ask the

9  Appeals Council to review that action upon a showing of good cause.  20 C.F.R. §§ 404.900(b),

10  404.960, and 404.967.  The Appeals Council reviewed Plaintiff's request; the request did not

11  demonstrate good cause and, consequently, the Appeals Council did not treat Plaintiff's request

12  favorably.[2]  20 C.F.R. § 404.972 provides that "[t]he dismissal of a request for Appeals Council

13  review is binding and not subject to further review."

14        Under these facts, there has been no final action on the merits of Plaintiff's disability insurance

15  benefits claim and, consequently, there is no order that is subject to judicial review under 42 U.S.C. §

16  405(g).  Califano v. Sanders, 430 U.S. at 108; Peterson v. Califano, 631 F.2d at 629-630; 20 C.F.R. §

17  404.900(b); cf. Subia v. Commissioner, 264 F.3d 899, 902 (9th Cir. 2001) (claimant waived her

18  opportunity for a hearing and thus failed to exhaust the administrative remedy upon which judicial

19  review depended by refusing to attend the scheduled hearing before the ALJ).  This Court therefore

20  lacks subject matter jurisdiction under 42 U.S.C. § 405 to consider the claim.

21        2.        *Colorable Constitutional Claim.*

22        Even though there is not a final decision within the meaning of 42 U.S.C. § 405(g), Plaintiff's

23  constitutional claim must be considered.  Califano v. Sanders, 408 U.S. at 109.

24        Here, Plaintiff argues that he was denied procedural due process by the Appeals Council's

25  failure to further explore the issue of "good cause" before dismissing Plaintiff's request.  Plaintiff's

26  claim of error is anchored to the proposition that § II-5-1-4 of the Hearings, Appeals and Litigation

27

28        [2]  Based upon the contents of the September 17, 2008 Notice contained in the record, this Court understands the Appeals Council to have essentially dismissed Plaintiff's request for review of the dismissal order.  Significant to the Court's construction of the Appeals Council's action as a dismissal is the fact that the Notice to claimant contained no advisals regarding any right claimant had to bring a civil action challenging any of the relevant decisions .

1  Law Manual ("HALLEX") directs and/or encourages the Appeals Council to send an interim letter

2  requesting the claimant to show good case why the hearing dismissal should be vacated under the

3  circumstances of this case before dismissing his request.  Because this was not done by the Appeals

4  Council, "[t]he Commissioner does not demonstrate manifest compliance with HALLEX II-5-1-4."

5  (Opp. Memo. at p. 4, lines 9-10.)  Plaintiff recognizes that the request he submitted to the Appeals

6  Council contained [at best] "a generic statement about his qualification for disability benefits in his

7  request for review" and that his "good cause" showing was insufficient.  (Opp. Memo. at p. 4, lines

8  7-8 and p. 5, lines 6-8.)  Still, Plaintiff argues that more was required here based on his alleged status

9  as a "psychotic individual."  At a minimum, he contends, the Appeals Council should have sent him

10  the referenced interim letter before proceeding to act substantively on his request.

11        These arguments are not persuasive.  First, Plaintiff explained the basis for his request to

12  vacate the dismissal order as "[there are] . . . issues to consider in this case (1) Eligibility [sic] I have

13  not engaged in Substantial Gainful Activity (SGA) within one year of the onset of my disability."

14  (Doc. 13, Dec., Exhibit 6.)  The only reasonable conclusion that can be drawn from the contents of

15  this statement is that Plaintiff changed his mind about pursuing his disability claim.  HALLEX § II-5-

16  1-4 clearly provides that "[a] claimant's change of mind without any other reason does not constitute

17  good cause to vacate a dismissal order."  That same section further directs the Appeals Court to send

18  an interim letter to claimant asking him or her to show good cause why the hearing dismissal should

19  be vacated *only when* a claimant *does not provide <u>any reason</u>* in the request for review.  Under these

20  facts, even a respectful deference to the Agency's interpretation of its own regulations does not allow

21  the Court to conclude that the Commissioner should have sent an interim letter to claimant seeking

22  further evidence of "good cause."   Plaintiff's request did provide a reason for the relief he sought.

23  This was not a case where no reason was given.

24        Second, internal procedure manuals, including the HALLEX and the Program Operations

25  Manual System, do not impose judicially enforceable duties.  <u>Lowry v. Barnhart</u>, 329 F.3d 1019,

26  1023 (9th Cir. 2003).  A duty that is not judicially enforceable does not confer a legal right and thus

27  logically cannot be the basis for a denial of a claimant's right to procedural due process, at least not

28                                                      9

1   without considerably more compelling facts than are apparent here.

2        If Plaintiff would have this Court conclude that due process considerations required more than

3   was done here by the Agency, based upon Plaintiff's alleged mental disabilities, Plaintiff did not

4   present the necessary evidence to meet his burden of persuasion.[3]  No evidence has been presented as

5   to the active status of Plaintiff's alleged psychosis at the time he presented his request to the ALJ or

6   to the Appeals Council.  No evidence has been  presented showing that Plaintiff's his intellectual

7   capacities were otherwise insufficient to enable him to comprehend the questions asked or the

8   information sought.[4]

9        Another reality undermines the Plaintiff's argument that constitutional considerations

10  demanded a more rigorous application of procedural safeguards vis-a-vis the decisions he alleges to

11  be fatally flawed.  Throughout the administrative processes which Plaintiff challenges, Plaintiff was

12  represented by legal counsel who apparently  worked with and assisted Plaintiff in reaching a decision

13  as to whether participation in the upcoming administrative hearing remained in Plaintiff's overall best

14  interests.

15        The Court simply cannot conclude, based on the record before it, that Plaintiff has met his

16  burden of proof on this issue.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. at 377.  He has not

17  shown sufficient facts, or cited this Court to any legal authority, that would support the conclusion he

18  urges, i.e., that due process considerations required the Appeals Council to do more than it did in this

19  case.  On the basis of this record, the Court finds Plaintiff's claim of constitutional violation wholly

20  insubstantial.  Such a claim is less than "colorable."  See Subia v. Commissioner, 264 F.3d at 902.

21        3.      *Plaintiff's Consent Invalid Due to Ineffective Assistance of Counsel.*

22        Plaintiff argues that the Commissioner cannot demonstrate that Plaintiff consented to the

23  dismissal of his substantive claims by his prior lawyer.  The Commissioner does not need to

24  demonstrate that Plaintiff's consent to the dismissal of his substantive claims by his prior lawyer was

25  valid.  To the extent this argument is part of Plaintiff's assertion of jurisdiction under 42 U.S.C. §

26

27  [3] Plaintiff submitted no declarations or affidavits supporting his opposition to Defendant's motion.

28  [4] Plaintiff's complaint contains no such allegations.  See Doc. 1.

10

1  405(g), the burden of proof belongs to Plaintiff.  <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. at

2  377.

3        Factually, Plaintiff's argument finds no persuasive support in the record before the Court.  The

4  ALJ's Dismissal Order clearly states that Plaintiff was fully advised of the consequences of Plaintiff's

5  decision to have his request for a hearing be withdrawn and that the ALJ was satisfied that Plaintiff

6  understood what the effects of that decision would be.  If there were other facts that might have

7  shown some sufficiently significant misunderstanding on Plaintiff's part, Plaintiff had the opportunity

8  to bring that information to the Appeals Council's attention.  It could have been part of Plaintiff's

9  good cause demonstration, but it was not.  20 C.F.R. § 404.960.

10        On this issue, the Court finds the authorities cited in Defendant's reply persuasive and

11  controlling.  "Petitioners are generally bound by the conduct of their attorneys, including admissions

12  made by them, absent egregious circumstances."  <u>Magallanes-Damian v. INS</u>, 783 F.2d 931, 934 (9th

13  Cir. 1986) (citation omitted); <u>United States v. Guerra de Aguilera</u>, 600 F.2d 752, 753 (9th Cir. 1979).

14        Finally, if Plaintiff is claiming that ineffective assistance of counsel somehow rendered the

15  process fundamentally flawed from a constitutional standpoint, Plaintiff has not articulated that

16  argument with sufficient clarity, nor has he provided either the evidence or the legal authority

17  sufficient to allow this Court to thoughtfully consider that argument and its ramifications.  If "[a] bare

18  assertion of an issue does not preserve a claim"( <u>D.A.R.E. America v. Rolling Stone Magazine</u>, 270

19  F.3d 793, 793 (9th Cir.2001)), certainly the bare assertion of a claim without sufficient clarity or any

20  citation to authority cannot logically advance it.  <u>See</u> <u>also</u> Rule 78-230(c) of the Local Rules of the

21  United States District Court, Eastern District of California (addressing oppositions to motions) and

22  Rule 1-101 (defining "briefs" as including "memoranda, points and authorities, and other written

23  arguments, or compilation of authorities").  Again, Plaintiff has not met his burden of persuasion with

24  regard to issues involving the validity of Plaintiff's consent to withdrawal of his hearing request.

25                                  **CONCLUSION**

26        In light of the foregoing, the Court finds that the administrative adjudication involved here did

27  not constitute a final decision within the meaning of 42 U.S.C. § 405(g); therefore, the Court lacks

28                                        11

subject matter jurisdiction over the cause.  Furthermore, Plaintiff's allegations that his constitutional

due process rights were violated by the process used  in the Agency's decision-making in this matter

do not present colorable constitutional claims.  Accordingly, this Court GRANTS Defendant's

motion to dismiss.  The Clerk is DIRECTED to close this action.


     IT IS SO ORDERED.

     **Dated:**    **November 13, 2009**           _____ **/s/ Dennis L. Beck** _____
                                                   UNITED STATES MAGISTRATE JUDGE